## PLEADING.

2 Dec.
173

[Lucas County Circuit Court, February 8, 1895.]

† NANCY BOWSER v. THE CITY OF TOLEDO.

DEFECTIVE CONSTRUCTION OF SEWER BY A CITY—LIABILITY OF LAND OWNER.

A petition alleging in substance, that the city of Toledo had built a sewer across a certain tract of land belonging to S. and that in doing so had so carelessly performed the work that the sewer had broken in; that plaintiff had been employed by S. or taken contract under S. to cut grass upon said land, and while in the performance of that duty it became necessary to cross said land and that while plaintiff was doing so her team fell into the hole and sustained injuries etc.

*Held*, Such petition states a good cause of action against the city and is not within the rule laid down in *Burdick* v. *Cheadle*, 26 O. S., 393.

HAYNES, J.

A petition is filed in this case to reverse the judgment of the court of common pleas, which judgment was rendered upon the following state of facts:

---

†For another opinion in this case, see 5 Ohio Circ. Dec., 672.

Nancy Bowser brought an action against the city of Toledo, in which she averred, in substance, that the city of Toledo had built a sewer across a certain tract of land that belonged to one Samuel Blanchard, and that in constructing the sewer across those premises it had so carelessly performed the work that the sewer had broken in, that there was a considerable hole in it; that the plaintiff had been employed by Blanchard, or had taken a contract under him, to cut the grass upon this land, and that while in the performance of that duty it became necessary for her to pass over this sewer, and that while she was doing so her team fell into this hole or excavation and sustained injuries to one of the horses so that it immediately died, and that the other horse was severely injured. A demurrer was filed to the petition and the demurrer was sustained by the court of common pleas, upon the ground, it is said, that the case fell within the principle of the case of *Burdick* v. *Cheadle et al.*, 26 O. S., 393, and there the matter seemed to have rested. Subsequently and subsequent to the term, the plaintiff found that the clerk had entered up a judgment upon the journal of the court and that the overruling of the demurrer and the judgment was in these words:

This day this cause came on to be heard on the demurrer to the petition. The court on consideration thereof sustains the same. And thereupon the plaintiff failing to plead further, it is considered by the court that the defendant go hence without day and recover from the plaintiff its costs herein expended.

Upon this discovery, the plaintiff made a motion to set aside that entry, as being entered by mistake of the clerk. And thereupon the court, having heard the arguments of counsel, held that the judgment had been entered by mistake of the clerk; that no such judgment had in fact been rendered by the court, and then this entry is found:

This cause coming on to be heard on the motion of the plaintiff to set aside the judgment of dismissal of said cause entered at the January term of this court, 1893, by mistake of the clerk of this court, and leave to file an amended petition, and the case being submitted on the argument of the counsel, the court finds that judgment was entered in this cause at the January term, 1893, by mistake of the clerk.

Now, the court was required to find, first, whether the judgment had been entered by mistake. In sec. 5359, we find:

The court must first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense of cause of action.

Then 5360 provides what shall be done next:

A judgment shall not be vacated on motion of petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action; and when a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.

And, in pursuance of the statute: "The court further finds that the amended petition which plaintiff seeks to file should this motion be granted, does not state a valid cause of action. Said motion is therefore overruled; to which ruling this plaintiff excepts." And this action of the court is alleged as error.

The first question presented to the court is this: Did the petition state a good cause of action?

We have examined the case of *Burdick* v. *Cheadle,* of which we have spoken, and which is found in 26 O. S., 393. In that case, Cheadle had erected a store building and had furnished it with shelving, and then leased it to a tenant, a merchant, who entered into possession and was carrying on a merchandise business; and while he was so carrying on business, on a certain day a customer came into the store, and while he was there the shelving fell upon the customer and injured him. In that case the Supreme Court held that Cheadle was not liable, but that the person who was in possession and who had charge of the store and was to keep it in repair—was the person who was liable.

I do not propose to discuss the question, or to cite authorities, but will merely content myself at this time by saying that we are of opinion, or we think the better opinion is that the petition does state a good cause of action and that the Cheadle case does not apply. We think, as suggested by counsel, in argument, that the original petition is better than the amended petition. There are some things in the amended petition which result from mere clerical errors which seem to impair somewhat the character of the petition; nevertheless, we think, that, giving it a fair construction, there is stated in the petition a sufficient cause of action—at least we think that is the better opinion. The question arises in our minds whether this was not a matter of discretion with the court whether it should allow this petition to be filed, even if it found that the judgment had been inadvertently entered. But we are of the opinion that it was the right of the party to have the amended petition filed if it stated a sufficient cause of action.

Sec. 5116 provides "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by amendment, with or without costs, as the court in its discretion shall direct." We think if the party could make a good petition by amendment, and did make a good petition and present it to the court, that the court should have received it, and that it was error for the court not to receive it and to set aside the judgment. It will be observed that this judgment was not rendered by the court of common pleas—it was entered and spread upon the journal by the clerk by mistake, and the party had the right to have it removed until he had the judgment of the court. Nevertheless the court, under the statute, was to find whether there was a valid cause of action stated in the petition that was offered, and if it held that there was not, it would overrule the motion and that would make a final judgment in the case. We are of opinion that in this case, for refusal to set aside the judgment and allowing the petition to be filed that error intervened, the judgment of the court of common pleas should be reversed, and it is so ordered.

*S. H. Wilkinson* and *A. W. Eckert*, for Plaintiff.

*C. F. Watts*, City Solicitor.